UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



KOYA ABE,

                                    Plaintiff,

        -v-                                                    No. 14-cv-9323 (RJS)
                                                               ORDER

NEW YORK UNIVERSITY,

                                    Defendant.

RICHARD J. SULLIVAN, District Judge:

    On March 30, 2016, the Court (1) dismissed Plaintiff's cause of action for violations of

the Employee Retirement Income Security Act ("ERISA") for failure to state a claim,

(2) dismissed Plaintiff's claims brought under Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000 *et seq.* ("Title VII") and the Age Discrimination in Employment Act

of 1957, 9 U.S.C. § 621 *et seq.* ("ADEA") on abstention grounds, and (3) dismissed Plaintiff's

claims brought under New York Labor Law §§ 198, 215, 663 ("NYLL") for lack of subject

matter jurisdiction. (Doc. No. 34 ("MTD Op." or "March 30 Opinion").) The Court also denied

Plaintiff's request for leave to amend his ERISA cause of action, concluding that amendment of

Plaintiff's claim for wrongful termination brought under Section 510 of ERISA, codified at 29

U.S.C. § 1140, would be futile because it is clearly time-barred. (*Id.* at 13.) The Court also

found that Plaintiff had failed to point to any new facts regarding his failure to exhaust

administrative remedies that "might lead to a different result" with respect to his claim for

unpaid benefits under Section 502(a)(1)(B) of ERISA, codified at 29 U.S.C. § 1132(a)(1)(B).

(*Id.* at 13–14 (quoting *Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249 (2d Cir. 2004)).) However,

the Court dismissed Plaintiff's claim for unpaid benefits under ERISA "without prejudice, in the event that he pursues administrative review under his plan and the claim is denied." (*Id.* at 14.)

The Court is in receipt of Plaintiff's motion for reconsideration of its order dismissing his Amended Complaint.  (Doc. No. 36.)  Plaintiff also asks the Court, in the alternative, to reconsider its denial of his request to amend his ERISA cause of action. (Doc. No. 38 ("Mem.") at 23–25.)  On April 15, 2016, the Court ordered Defendant not to respond to Plaintiff's motion until directed to do so by the Court. (Doc. No. 39.)

Having reviewed Plaintiff's submissions and the Court's March 30 Opinion, the Court reaffirms its finding that briefing by Defendant would be mostly unnecessary.  Even without the benefit of a response from Defendant, the Court concludes, for the reasons set forth below, that Plaintiff's arguments for reconsideration of its decision to dismiss Plaintiff's Amended Complaint and to deny leave to amend his claim for wrongful termination brought under Section 510 lack merit.  However, the Court reserves decision on Plaintiff's request for leave to amend his claim for unpaid benefits under Section 502(a)(1)(B) of ERISA, and orders a response from Defendant for that limited purpose.

## I. Reconsideration

A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The standard for reconsideration is strict and the decision is within the sound discretion of the district court." *Vencedor Shipping Ltd. v. Ingosstakh Ins. Co., Ltd.*, No. 09 Civ. 4779 (RJS), 2009 WL 2338031, at *1 (S.D.N.Y. July 29, 2009) (internal quotation marks omitted).

Plaintiff has clearly failed to meet this exacting standard with respect to the Court's decisions to dismiss his ERISA claim and to abstain from Plaintiff's Title VII and ADEA claims. Plaintiff first asserts that the Court erred in dismissing his Amended Complaint because it neglected to account for Defendant's alleged failure to provide claim procedure documentation or appeal information, which he argues would have made exhaustion of administrative remedies futile, and therefore, dismissal of his Section 502(a)(1)(B) claim unwarranted.  (Mem. at 3–6.) However, these allegations were not included in his Amended Complaint, and therefore, cannot serve as the basis for a motion for reconsideration.  *See R.B. ex rel. A.B. v. Dep't of Educ. of City of New York*, No. 10-cv-6684 (RJS), 2012 WL 2588888, at *4 (S.D.N.Y. July 2, 2012) ("The law in this Circuit is clear:  a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on [the original] motion." (citations and quotation marks omitted)).

Plaintiff also argues that the Court erred in concluding that his ERISA claim brought pursuant to Section 510 was not initiated within the two-year limitations period, and therefore, is untimely.  (*Id.* at 7–9.)  Plaintiff first asserts that Defendant's refusal to pay him ERISA benefits *after* the end of his employment relationship amounted to "discrimination" in violation of Section 510, and that because Defendant allegedly refused to pay his ERISA benefits as recently as 2014, Plaintiff's Section 510 claim is timely.  (*Id.*)  However, Plaintiff is merely conflating his claim for entitlement to unpaid benefits, which is authorized by Section 502(a)(1)(B), with a claim brought under Section 510, a provision that is "designed primarily to prevent 'unscrupulous employers from discharging or harassing employees in order to keep them from obtaining vested pension rights.'"  *Sandberg v. KPMG Peat Marwick, L.L.P.*, 111 F.3d 331, 334 (2d Cir. 1997) (quoting *Dister v. Cont'l Grp., Inc.*, 859 F.2d 1108, 1111 (2d Cir. 1988)); *see also Blake v. Bank of N.Y.*, No. 90 CIV. 4202 (JFK), 1992 WL 183632, at *3 (S.D.N.Y. July 23,

3

1992) (noting that while Section 510 "is designed to protect the employment relationship that gives rise to an individual's benefit rights," it does not "create an action for wrongfully withheld benefits, which is covered by [Section 502].")  Plaintiff's other argument — that Defendant's refusal to rehire him for the 2012-2013 academic year following his termination also constituted "discrimination" actionable under Section 510 — is equally unavailing.  (Mem. at 8); *see Becker v. Mack Trucks, Inc.*, 281 F.3d 372, 380 (3d Cir. 2002) (holding that Section 510 does not "cover the rehiring of former employees with no right or expectation of future employment").  Thus, Plaintiff's cause of action under Section 510 accrued when he was terminated on August 10, 2009, not when Defendant allegedly refused to pay him ERISA benefits in 2014 or when it refused to rehire him for the 2012-2013 academic year.  Accordingly, the Court finds that it did not err in concluding that Plaintiff's cause of action under Section 510 is untimely.

Moreover, it bears noting that, as with Plaintiff's earlier briefing in this action, Plaintiff's legal arguments are largely conclusory and at times virtually nonsensical.  For instance, Plaintiff argues, *without elaboration and without any reference to case law*, that the Court should apply a new statute of limitations for claims under Section 510 of ERISA because of the New York Legislature's enactment of the Wage Theft Prevention Act.  (Mem. at 12–13.)  He also repeatedly insists that he is entitled to equitable tolling of his claim under Section 510 based on the fact that Defendant allegedly concealed its deprivation of benefits from him until July 30, 2014.  (*Id.* at 9–12.)  But that allegedly concealed information has no relevance to Plaintiff's claim for wrongful termination.  And as set forth in the March 30 Opinion, since Plaintiff was aware of his termination on August 10, 2009, he obviously was not "'prevented in some extraordinary way' from learning of his claim for wrongful discharge."  (MTD Op. 5 (quoting *Zerilli-Edelglass v. New York City Transit Auth.*, 333 F.3d 74, 80 (2d Cir. 2003)).  Thus, Plaintiff's repeated invocation of equitable tolling makes no sense.

4

Plaintiff's arguments for reconsideration of the Court's abstention decision also clearly lack merit. For example, although it is black-letter law that a Court may take judicial notice of documents filed and decisions rendered in state court, *e.g.*, *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 424–25 (2d Cir. 2008), Plaintiff complains, without any reference to case law or citations to the record, that the Court took judicial notice too often of the record in the related State Action (Mem. at 15 n.11). And while Plaintiff continues to bemoan the delays in the State Action (*id.* at 15–16), any review of the state court's docket would make clear that he, and not his adversaries, is primarily responsible for prolonging that matter with numerous unsuccessful discovery motions and appeals (MTD Op. 10).

Plaintiff next argues that abstention is inappropriate because of differences between NYCHRL, the statute under which he sues in state court, and its federal counterparts, on which he sues here. (Mem. at 14.) But his only authority for this proposition, *Zakrzewska v. New School*, 14 N.Y.3d 469 (2010), which interpreted NYCHRL to impose strict liability on employer defendants for their managerial employees' discriminatory acts, only bolsters this Court's conclusion that there is the possibility that a state-court judgment could preclude claims brought in the federal forum, while the reverse is not true. (MTD Op. 9.) Put simply, if Defendant is found not to be vicariously liable under NYCHRL in state court, it would follow inexorably that Defendant is not vicariously liable under the federal statutes, since Title VII and ADEA allow employers to raise affirmative defenses to avoid vicarious liability for their managerial employees' discriminatory acts in certain circumstances, *see Ferraro v. Kellwood Co*, 440 F.3d 96, 101 (2d Cir. 2006), and impose a higher burden on discrimination Plaintiffs, *see Velazco v. Columbus Citizens Found.*, 778 F.3d 409, 410 (2d Cir. 2015) (recognizing that Title VII and ADEA represent the "floor below which the [NYCHRL] cannot fall"). By contrast, no decision by this Court will have preclusive effect on the many defendants in the State Action,

other than NYU, since they will not have a "full and fair opportunity to litigate" in this forum. *West v. Ruff*, 961 F.2d 1064, 1066 (2d Cir. 1992).   Accordingly, Plaintiff's reliance on *Zakrzewska* is utterly unpersuasive.

Accordingly, the Court finds that Plaintiff has pointed to no facts or authority that the Court has overlooked or that might otherwise alter the conclusion reached in the Court's March 30 Opinion.   Since the Court has no obligation to construe a counseled party's submissions liberally, *see Nat'l Gear & Piston, Inc. v. Cummins Power Sys., LLC*, 861 F. Supp. 2d 344, 370 (S.D.N.Y. 2012), and has already expended far too much energy attempting to parse Plaintiff's nearly unintelligible submissions, the Court has little difficulty denying Plaintiff's motion for reconsideration.

## II. LEAVE TO AMEND

Plaintiff alternatively requests leave to amend his ERISA cause of action.   However, while "[t]he court should freely give leave [to amend] when justice so requires," denial of leave to amend is appropriate in the case of "undue delay, bad faith, dilatory motive, and futility." *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015).   As the Court concluded in the March 30 Opinion, amendment of Plaintiff's time-barred claim for wrongful termination brought under Section 510 would clearly be futile.   (MTD Op. 13 (citing *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000)).   As set forth in Section I of this Opinion, Plaintiff has pointed to no facts or authority that would alter the conclusion that Plaintiff's Section 510 claim is time-barred, and therefore, the Court declines to revisit its decision denying Plaintiff leave to amend the Section 510 claim.

Nevertheless, the Court finds that a response from Defendant would be useful for the limited purpose of addressing Plaintiff's request for leave to amend his claim for unpaid benefits pursuant to Section 502(a)(1)(B) of ERISA.   Here, Plaintiff has introduced new allegations

6

relevant to exhaustion of administrative remedies that were not in his First Amended Complaint. (Mem. at 2–6.)  Defendant should address whether leave to replead Plaintiff's claim for unpaid benefits is warranted under Federal Rule of Civil Procedure 15(a)(2) or whether leave to amend should be denied because of Plaintiff's "undue delay, bad faith, dilatory motive," or "futility."

### III. CONCLUSION

For the reasons set forth above, the Court (1) denies Plaintiff's motion for reconsideration of its March 30 Opinion dismissing Plaintiff's First Amended Complaint, and (2) orders Defendant to submit a response on the limited question of whether Plaintiff should be granted leave to amend his claim for unpaid benefits pursuant to ERISA Section 502(a)(1)(B).  IT IS FURTHER ORDERED that Defendant shall submit its response no later than two weeks from the date of this opinion.

Dated:      May 11, 2016
            New York, New York

_____
RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE